IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 1:20-cr-126 |
| | ) | |
| MATTHEW DMITRI RICHARDSON, | ) | Honorable Leonie M. Brinkema |
| | ) | |
| Defendant. | ) | Trial Date: October 13, 2020 |
| | ) | |

**GOVERNMENT'S PRETRIAL MEMORANDUM**

The United States of America, by G. Zachary Terwilliger, United States Attorney for the
Eastern District of Virginia, Paul A. Embroski and Suzanne H.W. Horton, Special Assistant United
States Attorneys, and Marc J. Birnbaum, Assistant United States Attorney, provide the Court with
the following memorandum in advance of the bench trial scheduled for October 13, 2020.

Charge

The defendant is charged in a one-count superseding indictment with, on or about February
24, 2020, on the Pentagon Reservation, within the Special Maritime and Territorial Jurisdiction of
the United States, and in the Eastern District of Virginia, willfully and maliciously injuring the
personal property of another by means of arson, in violation of Title 18, United States Code,
Section 1363.

Anticipated Evidence

The United States expects its evidence to show the following. At approximately, 10:20 a.m.
on the morning of February 24, 2020, the defendant, Matthew Dmitri Richardson, approached
William Hausenfluck, a construction worker who was in the Pentagon North Parking Lot. The
defendant asked Hausenfluck for a cigarette or a lighter. Hausenfluck does not smoke, but

remembered that there was a Bic lighter in the panel of his work truck. Hausenfluck located it and gave it to the defendant, who turned and walked away.

At approximately 10:45 a.m., Pentagon Police Officer Michael Landry was conducting mobile patrol in Lane 57 of the Pentagon North Parking Lot. Officer Landry observed the defendant striking a cigarette lighter to a burning, smoking piece of fabric that was inserted into the open fuel tank of a Range Rover. Officer Landry also saw a fire and smoke rising from fabric on the ground. Officer Landry, who was wearing his police uniform, approached the defendant, identified himself as a Pentagon Police Officer and directed the defendant to stop what he was doing and to not move. The defendant told Officer Landry that he was "going to blow [himself] up and this vehicle." Officer Landry attempted to grab the defendant by the wrist, but the defendant pulled away, backed up, and ran across the North Parking lot toward Virginia State Routes 110 and 27. Officer Landry notified the Pentagon Operations Center by police radio of what he had observed and provided a physical description of the defendant. Officer Landry pursued the defendant on foot to State Routes 110 and 27, where the defendant jumped over a jersey barrier and ran across the highway directly in front of oncoming traffic. For safety reasons, Officer Landry stopped the pursuit, but watched the defendant cross the two highways and run toward the fence at Arlington National Cemetery before losing sight of him.

Approximately two hours later, at 12:48 p.m., Pentagon Police Emergency Response Team Corporal Corey Gumbert and Officer Peter Chong, who had been dispatched to Arlington National Cemetery to search for the defendant, found him in the wood line near the Lee Mansion. Corporal Gumbert ordered the defendant to stop; he complied. The defendant made the unsolicited statement "I was just trying to blow myself up." Officer Chong placed the defendant in restraints, searched him, and found a cigarette lighter in his pants. Shortly thereafter, Officer Landry arrived at

Arlington National Cemetery and positively identified the defendant as the person who had damaged the vehicle in the Pentagon North Parking Lot earlier that morning.

The Pentagon Police notified Army Lieutenant Colonel Travis Traylor, the owner of the vehicle, about the incident. Colonel Traylor observed burn damage to the panel of his vehicle below the fuel tank and to his tire.[1] He also noted that his fuel tank cover and fuel cap were removed, and that the inside of the vehicle smelled like smoke. The damage to his vehicle was approximately $3,000.

<u>The Statute</u>

Title 18, United States Code, § 1363 provides that:

> Whoever, within the special maritime and territorial jurisdiction of the United States, willfully and maliciously destroys or injures any structure, conveyance, or other real or personal property, or attempts or conspires to do such an act, shall be fined under this title or imprisoned not more than five years, or both, and if the building be a dwelling, or the life of any person be placed in jeopardy, shall be fined under this title or imprisoned not more than twenty years, or both.

<u>The Elements</u>

The United States must prove three elements of the offense:

> (1) that the defendant injured … personal property;
> (2) that the property was within the special maritime and territorial jurisdiction of the United States; and
> (3) that the defendant did so willfully and maliciously.

*Injury to Personal Property*

The injured vehicle is the personal property of Colonel Traylor. It sustained burn damage to a body panel and a tire.

---

[1] Fortunately, Colonel Traylor's vehicle had a diesel engine, and diesel fuel is more difficult to ignite than gasoline.

*Special Maritime and Territorial Jurisdiction of the United States*

The Pentagon Reservation, including the location at which the defendant injured Colonel

Traylor's vehicle, is within the Special Territorial and Maritime Jurisdiction of the United States,

within the Eastern District of Virginia. 18 U.S.C. § 7.

*Willfully and Maliciously*

The term "willfully" means that the defendant knowingly performed an act, deliberately

and intentionally as contrasted with accidentally, carelessly, or unintentionally. *See* 1A O'Malley,

Grenig, and Lee, *Federal Jury Practice & Instructions* § 17:05 (6th ed. 2018); *United States v.*

*Hassouneh*, 199 F.3d 175, 183 (4th Cir. 2000) (citations omitted).

The term "maliciously" means to "act[] intentionally or with willful disregard of the

likelihood that damage or injury would result from his or her acts." *United States v. Gullett*, 75

F.3d 941, 947 (4th Cir. 1996). While the Fourth Circuit has not previously defined "maliciously"

in the context of this statue, it has applied this same definition in similarly worded statutes. Further,

this is the appropriate definition to apply given the rules of statutory construction. Finally, the only

appellate court to consider this definition, the Ninth Circuit, has also reached this same conclusion.

In *Gullett*, the Fourth Circuit considered the term "maliciously" in the context of 18 U.S.C.

§ 844(i), a federal arson charge. 75 F.3d at 947. That statute required the United States to "prove

that the defendant: (1) maliciously; (2) damaged or destroyed a building, vehicle, or other real or

personal property; (3) by means of fire or explosive; and (4) that that the building, vehicle or

personal or real property was used in interstate or foreign commerce or in any activity affecting

interstate or foreign commerce." *Id*. (citations omitted). To define "maliciously" in the context of

that statute, the Fourth Circuit was "guided by two principles of statutory interpretation." *Id*. First,

the court recognized that when "Congress uses a common-law term in a federal criminal statute

4

without defining it, the Court must presume that Congress adopted the common-law definition of that term." *Id*. (citing *Morrissette v. United States*, 342 U.S. 246, 263 (1952) ("And where Congress borrows terms of art in which are accumulated the legal tradition and meaning of centuries of practice, it presumably knows and adopts the … meaning its use will convey to the judicial mind unless otherwise instructed.")). Second, the court "will not adopt the common-law meaning of the term if there are 'grounds for inferring any affirmative instructions from Congress' to define it otherwise." *Id*. citing *Morrissette* 342 U.S. at 273. Congress did not define "maliciously" in § 844(i), but there were no grounds from which to conclude that Congress intended to define the term otherwise. *Id*. at 947-48. Accordingly, the Fourth Circuit applied the common law definition of "maliciously" and found that this element "is satisfied if the defendant acted intentionally or with willful disregard of the likelihood that damage or injury would result from his or her acts." *Id*. at 948; *see also United States v. Kelly*, Case No. 2:18-cr-22, Order (Oct. 11, 2019 S.D.Ga.), 2019 WL 5106374, at 6 (applying the definition of "maliciously," meaning "intentionally or with willful disregard of the likelihood that damage or injury would result from his or her acts," as used in § 844(i), to § 1363).

Applying these same principles of statutory interpretation to § 1363 demonstrate that Congress intended for the common law definition of "malice" to apply here as well. Congress did not define "malice" or "maliciously" in this statute. But, like in § 844(i), there are "no grounds for inferring any affirmative instruction from Congress" to define it otherwise. Accordingly, *Gullett* counsels that the common law definition of "maliciously" also applies here.

This is the same conclusion that the Ninth Circuit reached when considering § 1363, specifically. In *United States v. Kelly*, 676 F.3d 912 (9th Cir. 2012), the court affirmed the convictions of protesters who were charged with, among other things, willfully and maliciously

destroying fencing within the special maritime and territorial jurisdiction of the United States, in violation of 18 U.S.C. § 1363. *Id*. at 917. On appeal, the Appellants argued that the district court had improperly instructed the jury on the meaning of the term "maliciously." *Id*.

Like the Fourth Circuit in *Gullett*, the Ninth Circuit reasoned that where "a statute does not define a term, we generally interpret the term by employing the ordinary, contemporary, and common meaning of the words Congress used." *Id*. (citation omitted). The court acknowledged that "maliciously" had an understood meaning at common law and was referenced widely in criminal statutes. *Id*. at 917-18. Accordingly, the Ninth Circuit held that a defendant violates § 1363 when he or she "willfully acts, intending to destroy or injure any such property, and has no legal justification or excuse for his action." *Id*. at 918-19; *see also id*. at 918 (citations omitted) (noting that malice does not require a showing of "personal hatred, spite or ill-will" or "that the defendant harbor ill will toward the [property] owner.").

Here, the defendant acted knowingly, deliberately, and intentionally. He obtained a lighter. Next, he found a vehicle, opened the fuel tank panel and fuel cap, and inserted flammable cloth into the fuel tank. Then, he lit the cloth and started a fire. His intent, as he told Officer Landry was to injure the vehicle (and himself) by blowing up the vehicle. The defendant had no legal excuse for his actions and understood it was wrong. When confronted by a uniformed police officer, the defendant fled and hid.

Dated:  October 8, 2020                    Respectfully submitted,

                                           G. Zachary Terwilliger
                                           United States Attorney


                              By:    _____/s/_____
                                     Paul A. Embroski
                                     Suzanne W.D. Horton
                                     Marc J. Birnbaum
                                     Counsel for the United States
                                     United States Attorney's Office
                                     Eastern District of Virginia
                                     2100 Jamieson Avenue
                                     Alexandria, Virginia 22314
                                     Phone: (703) 299-3700
                                     Fax: (703) 299-3980
                                     Email: paul.embroski@usdoj.gov
                                             suzanne.horton@usdoj.gov
                                             marc.birnbaum@usdoj.gov

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on October 8, 2020, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to all counsel of record in this matter.

_____/s/_____
Marc J. Birnbaum
Assistant United States Attorney
United States Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: (703) 299-3700
Fax: (703) 299-3980
Email: marc.birnbaum@usdoj.gov
